UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS SMITH, | CASE NO.   1:11-cv-1651-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| S. PINA, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |
| / | |

Plaintiff Robert Lewis Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on September 29, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action.

Plaintiff's Complaint is currently before the Court for screening. The Court finds that Plaintiff's Complaint fails to state a claim. Plaintiff will be given leave to file an amended complaint.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## II.    SUMMARY OF COMPLAINT

Plaintiff brings this action for violation of his Eighth Amendment rights arising out of Defendants' failure to protect him from harm thereby subjecting him to cruel and unusual punishment.

Plaintiff is incarcerated at California State Prison, Sacramento. He was previously incarcerated at California State Prison, Corcoran ("CSP-COR"), where the events alleged in the Complaint occurred. Plaintiff names the following individuals as Defendants in this action: 1) S. Pina, Correctional Officer Lieutenant at CSP-COR, and 2) H. Sumaya, Correctional Officer Sergeant at CSP-COR, 3) P. Munoz, Correctional Officer at CSP-COR, and 4) "Female" Estrada, Correctional Officer at CSP-COR. Defendants are sued in their individual capacities. Plaintiff asks for declaratory relief, nominal damages of $1, punitive damages of $50,000 from each Defendant, and a jury trial.

Plaintiff alleges the following:

Plaintiff's allegations revolve around Defendants' disregard of a medical chrono recommending Plaintiff not be placed on a top tier bunk or upstairs, and Plaintiff's resulting injuries due to being placed in an upper bunk. (Compl. at 3-8.)

Plaintiff informed Defendants Munoz, Pina and Sumaya about this medical chrono.

(Compl. at 5-6.) Defendant Pina was also aware of Plaintiff's medical issues because he had access to Plaintiff's medical accommodation chronos. (Id.) Defendants Pina and Sumaya were correctional officers in the area where Plaintiff was housed and so responsible for ensuring Plaintiff's safety. (Id. at 6.)

Around June or July 2010, Defendant Munoz threatened Plaintiff with a disciplinary 115 if he did not to move to the top tier and accept a cell-mate. (Compl. at 3-5.) Defendant Pina was in charge of Administrative Segregation during this time period, and was aware of Defendant Munoz's decision. (Id. at 3-6.) Defendant Sumaya was the sergeant of Administrative Segregation and failed to respond to Plaintiff's request to be placed in a "bottom tier" before October 2, 2010. (Id.) None of the Defendants adhered to Plaintiff's medical chrono regarding his accommodation requirements. (Id.) Defendants Munoz, Pina, and Sumaya consciously disregarded Plaintiff's request to be returned to the bottom tier. (Id.)

Defendant Estrada was responsible for Plaintiff's safety on October 2, 2010, but she failed to protect him and lead to Plaintiff's injuries. (Compl. at 6.) On that day, Defendant Estrada was escorting Plaintiff upstairs to his bunk when he had a fainting episode, fell down the stairs and injured his head, right knee, back, and neck. (Id. at 7.) Because of a health condition, Defendant Estrada was unable to stop Plaintiff from falling down the stairs. (Id.) Defendants Pina and Sumaya were aware of Plaintiff's propensity to faint. (Id.)

Plaintiff alleges that Defendants Munoz, Sumaya, and Estrada violated his right to be free from cruel and unusual punishment. (Compl. at 8-9.) Defendants Pina and Estrada failed to protect Plaintiff, which led to Plaintiff being subject to cruel and unusual punishment. (Id. at 9.)

## IV. ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A. Eighth Amendment - Cruel and Unusual Punishment

Plaintiff alleges that Defendants Munoz, Sumaya, and Estrada violated his right to be free from cruel and unusual punishment because these Defendants allowed his placement in a top tier housing area despite his medical housing chrono.

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)); see Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious ...." Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety ...." Id. at 837.

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060.

1  "Under this standard, the prison official must not only 'be aware of the facts from which the
2  inference could be drawn that a substantial risk of serious harm exists,' but that person
3  'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison
4  official should have been aware of the risk, but was not, then the official has not violated
5  the Eighth Amendment, no matter how severe the risk." Id.  (quoting Gibson v. County of
6  Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

7       Plaintiff has failed to allege facts sufficient to satisfy either prong for a claim of cruel
8  and unusual punishment under the Eighth Amendment.  He has not alleged how he was
9  denied the "minimal civilized measure of life's necessities" by being assigned to a top tier.
10 Although Plaintiff attached a medical chrono to his Complaint, neither it nor Plaintiff's
11 pleading set forth facts to enable the Court to determine the propriety of that assignment,
12 i.e., why Plaintiff should not have been so assigned and what harm might result if Plaintiff
13 was so assigned.  It is unclear what deprivation Plaintiff might have faced as a result of
14 being assigned to the top tier. Would his injury have occurred even if he had been placed
15 in a lower tier? It is similarly unclear as to whether the harm allegedly suffered was that
16 which was intended to be prevented by the chrono and whether Defendants were aware
17 of the potential harm.  Simply alleging that he was not supposed to be placed in the upper
18 tier is not be enough.

19      Plaintiff has failed to state a cognizable claim for cruel and unusual punishment
20 under the Eighth Amendment against Defendants Munoz, Sumaya, and Estrada.  Plaintiff
21 will be given leave to amend the claim.  His  amended complaint must explain how he was
22 deprived of a necessity and how Defendants were aware of the harm that could result from
23 this deprivation.

24      **C.**    **Eighth Amendment - Failure to Protect**

25      Plaintiff also alleges a failure to protect claim against Defendants Pina and Estrada.
26      "[A] prison official may be held liable under the Eighth Amendment for denying
27 humane conditions of confinement only if he knows that inmates face a substantial risk of
28 serious harm and disregards that risk by failing to take reasonable measures to abate it."

Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take reasonable measures to guarantee the safety of inmates and officials have a duty to protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no constitutional right, however, to enjoy a particular security classification or housing.  See Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir. 1979)).

Rather, to state a claim for threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that prison officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety.  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Farmer, 511 U.S. at 837; Frost, 152 F.3d at 1128; Redman, 942 F.2d at 1442.

Plaintiff has failed to state a claim for failure to protect for the same reasons he has not stated a claim for cruel and unusual punishment.  Plaintiff has not alleged sufficient facts for the Court to determine if Plaintiff faced a substantial risk of harm from being placed on the upper tier and whether Defendants Pina and Estrada were aware of any such risk.  Plaintiff will be given leave to amend to amend this claim but should only amend if he believes that he could sufficiently allege facts to satisfy both prongs required for a failure to protect claim under the Eighth Amendment.

## IV. CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted under § 1983. The Court will provide Plaintiff with the opportunity to amend to cure the deficiencies in his claim. Lopez, 203 F.3d at 1130; Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana,SFO Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's Complaint, filed September 29, 2011, is dismissed for failure to state a claim upon which relief may be granted under § 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

/////
/////

4.     If Plaintiff fails to file an amended complaint in compliance with this Order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   March 29, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE