# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS SMITH, | CASE NO.   1:11-cv-1651-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES A COGNIZABLE CLAIM AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| S. PINA, et al., | |
| Defendants. | (ECF No. 17) |
| | OBJECTIONS DUE WITHIN THIRTY DAYS |
| / | |

Plaintiff Robert Lewis Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on September 29, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action.  The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but Plaintiff was given leave to file an amended complaint.  (ECF No. 14.)

Plaintiff filed an Amended Complaint on May 3, 2012.  (Am. Compl., ECF No. 17.) Plaintiff's Amended Complaint is currently before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1 § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

2 raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which

3 relief may be granted, or that seek monetary relief from a defendant who is immune from

4 such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

5 thereof, that may have been paid, the court shall dismiss the case at any time if the court

6 determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

7 granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,

9 or immunities secured by the Constitution and laws' of the United States."  Wilder v.

10 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

11 is not itself a source of substantive rights, but merely provides a method for vindicating

12 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

13 **II.    SUMMARY OF COMPLAINT**

14      Plaintiff is incarcerated at California State Prison, Sacramento.  He was previously

15 incarcerated at California State Prison, Corcoran ("CSP-COR"), where the events alleged

16 in the Complaint occurred.  Plaintiff alleges that the following individuals violated his rights

17 under the Eighth Amendment: 1) S. Pina, Lieutenant, 2) H. Sumaya, Correctional Officer

18 ("C/O") at CSP-COR, 3) P. Munoz, C/O at CSP-COR, and 4) Estrada, C/O at CSP-COR.

19      Plaintiff seeks declaratory damages, nominal damages of $1, punitive damages of

20 $50,000 from each Defendant, and a jury trial.  (Am. Compl. at 2.)  Plaintiff also asks for

21 $150,000 in compensatory damages from each Defendant.  (Am. Compl. at 7.)

22      Plaintiff's allegations revolve around Defendants' disregard of a medical chrono

23 recommending Plaintiff not be placed on a top tier or upstairs bunk, and injuries Plaintiff

24 suffered when he was placed in an upstairs bunk.  (Am. Compl. at 3-8.)

25      In 2007, Plaintiff was diagnosed with a heart condition that could lead to fainting.

26 (Am. Compl. at 7.)  Due to this condition, Plaintiff needed to be housed in a bottom bunk

27 on the downstairs tier, so that if he fainted he would not injure himself when he fell.  (Id.)

28      During the summer of 2010, Defendant Munoz tried to have Plaintiff transferred to

1 an upstairs housing assignment.  (Am. Compl. at 2.)  Plaintiff informed Defendants Munoz

2 and Sumaya and Defendant Pina, the supervising officer, about his medical chrono.  (Id.

3 at 4-6.)

4      On October 2, 2010, while Plaintiff was escorted up a set of stairs by Defendant

5 Estrada to his upstairs bunk, Plaintiff suffered from a fainting spell, fell down the stairs, and

6 injured his right knee, back, and neck.  (Am. Compl. at 5.)

7      Defendants Munoz, Sumaya, and Pina did not accommodate Plaintiff's medical

8 needs.  (Am. Compl. at 5.)  This violated Plaintiff's rights under the Eighth and Fourteenth

9 Amendments, as the Eighth Amendment applies to "the state through the Due Process

10 Clause of the Fourteenth Amendment."  (Id. at 5-6.)

11 **IV.   ANALYSIS**

12     **A.   Section 1983 Claims**

13      To state a claim under Section 1983, a plaintiff must allege two essential elements:

14 (1) that a right secured by the Constitution or laws of the United States was violated and

15 (2) that the alleged violation was committed by a person acting under the color of state law.

16 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

17 1245 (9th Cir. 1987).

18      A complaint must contain "a short and plain statement of the claim showing that the

19 pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

20 not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

21 mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

22 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

23 forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

24 face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant

25 committed misconduct and, while factual allegations are accepted as true, legal

26 conclusions are not.  Id. at 1949-50.

27     **B.   Eighth Amendment**

28      Plaintiff alleges violations of his Eighth Amendment rights, but the Court is unable

1  to determine if he wants his claims analyzed under a conditions of confinement or failure

2  to protect framework.   The Court provided both standards to Plaintiff in its original

3  Screening Order. The Amended Complaint alleges facts which appear  best suited to a

4  failure to protect claim.

5       Plaintiff alleges that Defendants Pina, Munoz, Sumaya, and Estrada violated his

6  rights under the Eighth Amendment when they allowed his placement in a top tier housing

7  area despite his medical housing chrono.  Due to Defendants' alleged failure to protect

8  Plaintiff, he was injured when he suffered a fainting spell while being transported upstairs

9  to his bed.

10      "[A] prison official may be held liable under the Eighth Amendment for denying

11 humane conditions of confinement only if he knows that inmates face a substantial risk of

12 serious harm and disregards that risk by failing to take reasonable measures to abate it."

13 Farmer v. Brennan, 511 U.S. 825, 847 (1994).   Prison officials are required to take

14 reasonable measures to guarantee the safety of inmates and officials have a duty to

15 protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at

16 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).   An inmate has no

17 constitutional right, however, to enjoy a particular security classification or housing.  See

18 Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due

19 Process Clause is implicated in a prison's reclassification and transfer decisions); see also

20 Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).   Further, "[v]erbal harassment or

21 abuse ... is not sufficient to state a constitutional deprivation[.]"  Oltarzewski v. Ruggiero,

22 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.

23 1979)).

24      Rather, to state a claim for threats to safety, an inmate must allege facts to support

25 that he was incarcerated under conditions posing a substantial risk of harm and that prison

26 officials were "deliberately indifferent" to those risks.  Farmer, 511 U.S. at 834; Frost, 152

27 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en

28 banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to

1  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.

2  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from

3  which the inference could be drawn that a substantial risk of serious harm exist[ed], and

4  he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at

5  1128; Redman, 942 F.2d at 1442.

6       Here, Plaintiff has alleged that he was subject to an excessive risk as a result of

7  being placed in a top tier bunk.  Plaintiff alleges that he needed to be placed in a bottom

8  tier bottom bunk so that if his heart condition caused him to faint, he would not injure

9  himself when he fell.  Plaintiff has satisfied the first prong of an Eighth Amendment failure

10  to protect claim.

11       Plaintiff has met the first requirement for such a claim.  Moreover, he has stated

12  sufficient facts to allege deliberate indifference on the part of Defendant Pina, insofar as

13  he has alleged he made Defendant Pina aware of the risks of placement in an upstairs

14  bunk and Defendant Pina, who had the authority to  protect Plainitff from such placement,

15  placed him there nevertheless.  Plaintiff has satisfied the second prong of an Eighth

16  Amendment failure to protect claim against Defendant Pina.

17       Plaintiff has not satisfied the second prong as to the other named Defendants.

18  Although Plaintiff alleges that Defendants Munoz, Sumaya, and Estrada were aware of his

19  medical chrono, he has not sufficiently alleged facts showing they were aware of the

20  reasons for the medical chrono and the dangers from disregarding it.  Plaintiff has not

21  satisfied the second prong of an Eighth Amendment failure to protect claim against

22  Defendants Munoz, Sumaya, Estrada.

23       Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant

24  Pina, but has failed to state one against Defendants Munoz, Sumaya, and Estrada.

25  Plaintiff will not be given further leave to amend.

26       **C.     Fourteenth Amendment**

27       Plaintiff also mentions the Fourteenth Amendment in his Amended Complaint.

28  However, it does not appear that he is alleging a claim under this statute.  He only refers

1  to it in connection with his Eighth Amendment claim, because the Fourteenth Amendment

2  is the basis for the Eighth Amendment applying to the states.

3  **IV.      CONCLUSION AND ORDER**

4         Plaintiff stated a cognizable claim against Defendant Pina for failure to protect in

5  violation of the Eighth Amendment.  Plaintiff has failed to state a claim under the Eighth

6  Amendment against Defendants Munoz, Sumaya, and Estrada for failure to protect under

7  the Eighth Amendment.

8         Based on the foregoing, it is HEREBY RECOMMENDED that:

9      1.     Plaintiff be allowed to proceed on his failure to protect claim against

10            Defendant Pina;

11     2.     Plaintiff's claims against Defendants Munoz, Sumaya, and Estrada be

12            dismissed with prejudice; and

13     3.     Defendants Munoz, Sumaya, and Estrada be dismissed from this action.

14        These Findings and Recommendations are submitted to the United States District

15  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).

16  Within thirty days after being served with these findings and recommendations, any party

17  may file written objections with the Court and serve a copy on all parties.  Such a document

18  should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

19  Any reply to the objections shall be served and filed within ten days after service of the

20  objections.  The parties are advised that failure to file objections within the specified time

21  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

22  (9th Cir. 1991).

23

24  IT IS SO ORDERED.

25  Dated:    May 24, 2012                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

26

27

28

-6-