UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS SMITH,<br><br>            Plaintiff,<br><br>     v.<br><br>S. PINA, et al.,<br><br>            Defendants.<br>_____/ | CASE NO.   1:11-cv-1651-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS FINDING THAT PLAINTIFF STATES A COGNIZABLE CLAIM AND RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF No. 17)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff Robert Lewis Smith ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff initiated this action on September 29, 2011. (Compl., ECF No. 1.) No other parties have appeared in this action. The Court screened Plaintiff's initial Complaint and dismissed it for failure to state a claim, but Plaintiff was given leave to file an amended complaint. (ECF No. 14.)

Plaintiff filed an Amended Complaint on May 3, 2012. (Am. Compl., ECF No. 17.) Plaintiff's Amended Complaint is currently before the Court for screening.

I.    **SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has
2  raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which
3  relief may be granted, or that seek monetary relief from a defendant who is immune from
4  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion
5  thereof, that may have been paid, the court shall dismiss the case at any time if the court
6  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be
7  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

8  Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
9  or immunities secured by the Constitution and laws' of the United States."  Wilder v.
10 Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983
11 is not itself a source of substantive rights, but merely provides a method for vindicating
12 federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

13 **II.     SUMMARY OF COMPLAINT**

14 Plaintiff is incarcerated at California State Prison, Sacramento.  He was previously
15 incarcerated at California State Prison, Corcoran ("CSP-COR"), where the events alleged
16 in the Complaint occurred.  Plaintiff alleges that the following individuals violated his rights
17 under the Eighth Amendment: 1) S. Pina, Lieutenant, 2) H. Sumaya, Correctional Officer
18 ("C/O") at CSP-COR, 3) P. Munoz, C/O at CSP-COR, and 4) Estrada, C/O at CSP-COR.

19 Plaintiff seeks declaratory damages, nominal damages of $1, punitive damages of
20 $50,000 from each Defendant, and a jury trial.  (Am. Compl. at 2.)  Plaintiff also asks for
21 $150,000 in compensatory damages from each Defendant.  (Am. Compl. at 7.)

22 Plaintiff's allegations revolve around Defendants' disregard of a medical chrono
23 recommending Plaintiff not be placed on a top tier or upstairs bunk, and injuries Plaintiff
24 suffered when he was placed in an upstairs bunk.  (Am. Compl. at 3-8.)

25 In 2007, Plaintiff was diagnosed with a heart condition that could lead to fainting.
26 (Am. Compl. at 7.)  Due to this condition, Plaintiff needed to be housed in a bottom bunk
27 on the downstairs tier, so that if he fainted he would not injure himself when he fell.  (Id.)

28 During the summer of 2010, Defendant Munoz tried to have Plaintiff transferred to

an upstairs housing assignment. (Am. Compl. at 2.) Plaintiff informed Defendants Munoz and Sumaya and Defendant Pina, the supervising officer, about his medical chrono. (Id. at 4-6.)

On October 2, 2010, while Plaintiff was escorted up a set of stairs by Defendant Estrada to his upstairs bunk, Plaintiff suffered from a fainting spell, fell down the stairs, and injured his right knee, back, and neck. (Am. Compl. at 5.)

Defendants Munoz, Sumaya, and Pina did not accommodate Plaintiff's medical needs. (Am. Compl. at 5.) This violated Plaintiff's rights under the Eighth and Fourteenth Amendments, as the Eighth Amendment applies to "the state through the Due Process Clause of the Fourteenth Amendment." (Id. at 5-6.)

## IV. ANALYSIS

### A. Section 1983 Claims

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### B. Eighth Amendment

Plaintiff alleges violations of his Eighth Amendment rights, but the Court is unable

1  to determine if he wants his claims analyzed under a conditions of confinement or failure
2  to protect framework.  The Court provided both standards to Plaintiff in its original
3  Screening Order. The Amended Complaint alleges facts which appear best suited to a
4  failure to protect claim.

5       Plaintiff alleges that Defendants Pina, Munoz, Sumaya, and Estrada violated his
6  rights under the Eighth Amendment when they allowed his placement in a top tier housing
7  area despite his medical housing chrono.  Due to Defendants' alleged failure to protect
8  Plaintiff, he was injured when he suffered a fainting spell while being transported upstairs
9  to his bed.

10      "[A] prison official may be held liable under the Eighth Amendment for denying
11 humane conditions of confinement only if he knows that inmates face a substantial risk of
12 serious harm and disregards that risk by failing to take reasonable measures to abate it."
13 Farmer v. Brennan, 511 U.S. 825, 847 (1994).  Prison officials are required to take
14 reasonable measures to guarantee the safety of inmates and officials have a duty to
15 protect prisoners from violence at the hands of other prisoners.  Farmer, 511 U.S. at
16 832–33; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  An inmate has no
17 constitutional right, however, to enjoy a particular security classification or housing.  See
18 Meachum v. Fano, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due
19 Process Clause is implicated in a prison's reclassification and transfer decisions); see also
20 Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).  Further, "[v]erbal harassment or
21 abuse ... is not sufficient to state a constitutional deprivation[.]" Oltarzewski v. Ruggiero,
22 830 F.2d 136, 139 (9th Cir. 1987) (quoting Collins v. Cundy, 603 F.2d 825 (10th Cir.
23 1979)).

24      Rather, to state a claim for threats to safety, an inmate must allege facts to support
25 that he was incarcerated under conditions posing a substantial risk of harm and that prison
26 officials were "deliberately indifferent" to those risks. Farmer, 511 U.S. at 834; Frost, 152
27 F.3d at 1128; Redman v. County of Los Angeles, 942 F.2d 1435, 1443 (9th Cir. 1991) (en
28 banc).  To adequately allege deliberate indifference, a plaintiff must set forth facts to

1  support that a defendant knew of, but disregarded, an excessive risk to inmate safety.
2  Farmer, 511 U.S. at 837.  That is, "the official must both [have been] aware of facts from
3  which the inference could be drawn that a substantial risk of serious harm exist[ed], and
4  he must also [have] draw[n] the inference."  Farmer, 511 U.S. at 837; Frost, 152 F.3d at
5  1128; Redman, 942 F.2d at 1442.

6        Here, Plaintiff has alleged that he was subject to an excessive risk as a result of
7  being placed in a top tier bunk.  Plaintiff alleges that he needed to be placed in a bottom
8  tier bottom bunk so that if his heart condition caused him to faint, he would not injure
9  himself when he fell.  Plaintiff has satisfied the first prong of an Eighth Amendment failure
10 to protect claim.

11       Plaintiff has met the first requirement for such a claim.  Moreover, he has stated
12 sufficient facts to allege deliberate indifference on the part of Defendant Pina, insofar as
13 he has alleged he made Defendant Pina aware of the risks of placement in an upstairs
14 bunk and Defendant Pina, who had the authority to  protect Plainitff from such placement,
15 placed him there nevertheless.  Plaintiff has satisfied the second prong of an Eighth
16 Amendment failure to protect claim against Defendant Pina.

17       Plaintiff has not satisfied the second prong as to the other named Defendants.
18 Although Plaintiff alleges that Defendants Munoz, Sumaya, and Estrada were aware of his
19 medical chrono, he has not sufficiently alleged facts showing they were aware of the
20 reasons for the medical chrono and the dangers from disregarding it.  Plaintiff has not
21 satisfied the second prong of an Eighth Amendment failure to protect claim against
22 Defendants Munoz, Sumaya, Estrada.

23       Plaintiff has stated an Eighth Amendment failure to protect claim against Defendant
24 Pina, but has failed to state one against Defendants Munoz, Sumaya, and Estrada.
25 Plaintiff will not be given further leave to amend.

26       **C.**    **Fourteenth Amendment**

27       Plaintiff also mentions the Fourteenth Amendment in his Amended Complaint.
28 However, it does not appear that he is alleging a claim under this statute.  He only refers

to it in connection with his Eighth Amendment claim, because the Fourteenth Amendment is the basis for the Eighth Amendment applying to the states.

## IV. CONCLUSION AND ORDER

Plaintiff stated a cognizable claim against Defendant Pina for failure to protect in violation of the Eighth Amendment. Plaintiff has failed to state a claim under the Eighth Amendment against Defendants Munoz, Sumaya, and Estrada for failure to protect under the Eighth Amendment.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff be allowed to proceed on his failure to protect claim against Defendant Pina;
2. Plaintiff's claims against Defendants Munoz, Sumaya, and Estrada be dismissed with prejudice; and
3. Defendants Munoz, Sumaya, and Estrada be dismissed from this action.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 24, 2012                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE