# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

ROBERT LEWIS SMITH,

Plaintiff,

v.

S. PINA, et al.,

Defendants.

_________________________________/

CASE NO. 1:11-cv-01651-LJO-MJS (PC)

FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANT PINA'S MOTION TO DISMISS

(ECF No. 29)

OBJECTIONS DUE WITHIN FOURTEEN DAYS

Plaintiff Robert Lewis Smith ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff began this action by filing a Complaint on September 29, 2011. (Compl., ECF No. 1.) On March 20, 2102, the Court screened Plaintiff's Complaint and dismissed it, with leave to amend, for failure to state a claim. (ECF No. 14.) Plaintiff filed a First Amended Complaint. (Am. Compl., ECF No. 17.) The Court issued Findings and Recommendations finding that Plaintiff stated a cognizable claim and recommending that certain claims and defendants be dismissed from this action. (ECF No. 18.) The Findings and Recommendations were adopted. (ECF No. 19.) Plaintiff is currently proceeding on an Eighth Amendment claim against Defendant Pina for his alleged failure to protect Plaintiff.

On December 18, 2012, Defendant Pina filed a motion to dismiss this action on the ground that Plaintiff failed to exhaust his administrative remedies prior to commencing this

action. (Def.'s Mot., ECF No. 29.) Plaintiff filed an opposition on January 3, 2013. (Pl.'s Opp'n, ECF No. 30.) Defendant Pina filed a reply on January 9, 2013. (Def.'s Reply, ECF No. 31.)

Defendant Pina's motion to dismiss is now ready for ruling pursuant to Local Rule 230(*l*).

## I. LEGAL STANDARD

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendant's motion to dismiss.

remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust the available administrative remedies before filing a complaint in the District Court. Jones v. Bock, 549 U.S. 199, 216 (2007). A motion raising a prisoner's failure to exhaust the administrative remedies is properly asserted by way of an unenumerated motion under Fed. R. Civ. P 12(b). Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium). In determining whether a case should be dismissed for failure to exhaust administrative remedies, "the court may look beyond the pleadings and decide disputed issues of fact" in a procedure that is "closely analogous to summary judgment." Id. at 1119–20. When the court concludes the prisoner has not exhausted all of his available administrative remedies, "the proper remedy is dismissal without prejudice." Id.

## II. PLAINTIFF'S CLAIMS

The essential allegations of Plaintiff's First Amended Complaint are summarized as follows:

Plaintiff was previously incarcerated at California State Prison, Corcoran ("CSP-COR"), where the events alleged in the First Amended Complaint occurred.

Plaintiff alleges that in 2007 he was diagnosed with a heart condition that caused fainting. (Am. Compl. at 7.) As a result, he needed to be housed in a bottom bunk on a downstairs tier, so that if he fainted he would not injure himself in a fall. (Id.) Plaintiff informed Defendant Pina, the supervising officer, about his medical chrono. (Id. at 4-6.) Defendant Pina did not accommodate Plaintiff's medical needs. (Am. Compl. at 5.) On October 2, 2010, while being escorted up a set of stairs to his upstairs bunk, Plaintiff suffered a fainting spell, fell down the stairs, and injured his right knee, back, and neck. (Id.)

**III. ARGUMENTS - MOTION TO DISMISS**

**A. Defendant Pina's Motion**

Defendant Pina moves for dismissal pursuant to 42 U.S.C. § 1997e(a). He argues that Plaintiff failed to exhaust his administrative remedies prior to filing this action.

Plaintiff initiated this action on September 29, 2011. (Compl. at 1.) To have properly exhausted his claims, Plaintiff must have submitted an inmate appeal regarding the claims which give rise to this action and obtained a third level decision prior to September 29, 2011. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam).

The incident at issue in Plaintiff's action occurred on October 2, 2010. (Am. Compl. at 5.) After this date, Plaintiff filed one relevant appeal, "Corcoran 10-02894", regarding the event at issue and requesting that prison staff be ordered to adhere to his accommodation chronos. (Campbell Decl., ECF No. 29-3 at Ex B.) This appeal was partially granted at the first and second levels. (Id.) At the third level, Plaintiff's appeal was returned to Plaintiff and not processed because Plaintiff failed to complete Section H of the appeal. (Lozano Decl., ECF No. 29-4 at ¶ 9.) No appeal related to the incident at issue in this action was exhausted to the third level. (Id. at ¶ 8.)

Defendant Pina argues that since Plaintiff failed to exhaust his administrative remedies, his First Amended Complaint should be dismissed.

**B. Plaintiff's Opposition**

Plaintiff responds that he filed another appeal, not mentioned in Defendant Pina's motion, that exhausted his administrative remedies. (Pl.'s Opp'n at 5, Ex. C.) The appeal to which he refers was filed on October 28, 2010, and, mentioning the October 2, 2010 fainting incident, requests a lower bunk assignment . (Id. at Ex. C.) This appeal was granted at the informal level without being given a file number. (Id.) Plaintiff was given a lower tier bunk. (Id.)

Plaintiff argues that because this appeal was granted and he received his requested relief, he was not required to appeal it further, and so he exhausted his administrative

remedies.

**C. Defendant Pina's Reply**

Defendant Pina alleges that the appeal that was granted on the informal level was not sufficient for exhaustion purposes because it was untimely submitted and did not deal with the issues in Plaintiff's First Amended Complaint. (Def.'s Reply at 3.)

**IV. ANALYSIS**

**A. Corcoran 10-02894 Appeal**

Defendant Pina is correct in arguing that Plaintiff's Corcoran 10-02894 appeal did not exhaust remedies prerequisite to this case under 42 U.S.C. § 1997e(a). Although the appeal was partially granted at the first level, Plaintiff was not satisfied with the relief and appealed it to the second level (Campbell Decl. at Ex B) and then to the third level (id.). Plaintiff's appeal was denied on the third level because it was incomplete; he was given an opportunity to correct the omission, re-file and exhaust the appeal. (Lozano Decl., ECF No. 29-4 at ¶ 9.) He did not do so. (Id.) Plaintiff's failure to obtain a decision on this appeal at the third level was a failure to exhaust available remedies. Woodford v. Ngo, 548 U.S. at 83-84.

**B. October 18, 2010 Appeal**

Defendant Pina is inorrect in arguing that Plaintiff's October 18, 2010 appeal did not serve to exhaust under 42 U.S.C. § 1997e(a). This appeal was granted at the informal level and so no further action was required of Plaintiff to exhaust. Nevertheless, Defendant Pina argues that it was untimely and contains insufficient information for exhaustion purposes.

1. Untimeliness

Prison officials accepted and processed Plaintiff's late prison appeal and provided him with a full grant of relief at the informal level. (Pl.'s Opp'n at 5, Ex. C.) Such action estops Defendant from asserting an untimeliness defense.

a. Equitable Exception to Exhaustion

The exhaustion requirement of Woodford may be avoided where the facts of the

case demonstrate a defense of waiver, estoppel, or equitable tolling. Johnson v. Ford, 261 F. Appx. 752, 753 (5th Cir. 2008).

The United States Supreme Court and the Ninth Circuit Court of Appeals have not decided whether the PLRA's exhaustion requirement is subject to exception. Woodford, 548 U.S. at 104 (Breyer, J., concurring) (assuming exceptions apply); Ngo v. Woodford, 539 F.3d 1108, 1110 (9th Cir. 2008) ("It is unclear whether we can read exceptions into the PLRA's exhaustion requirement.").

However, many other circuits have concluded that an exception exists, or exhaustion has been completed, where the petitioner could not properly exhaust due to the conduct or inaction of prison officials. See e.g. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008) ("[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."); Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007) (stating that courts must "ensure any defects in exhaustion were not procured from the action or inaction of prison officials"); Kaba v. Stepp, 458 F.3d 678, 684 (7th Cir. 2006) (holding an administrative remedy unavailable under the PLRA where prison staff fail to respond to a properly-filed grievance or commit misconduct that prevents exhaustion); Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (administrative remedies not available under the PLRA, and defendants estopped from raising non-exhaustion where the petitioner could not use the administrative appeals process due to prison officials' conduct or failure to timely process the appeal).

Estoppel may be found where actions taken by defendant prevent a plaintiff from filing suit. Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051-52 (9th Cir. 2008), citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 450-51 (7th Cir. 1990). Under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the

party asserting the estoppel must reasonably rely on the conduct to his or her injury. Lukovsky, 535 F.3d at 1051, citing Honig v. San Francisco Planning Dep't, 127 Cal.App.4th 520, 529 (Cal. Ct. App. 2005).

b. Defendant is Estopped to Assert Untimeliness

Defendant Pina asserts an untimeliness defense to Plaintiff's appeal even though the appeal was never rejected or cancelled for untimeliness. Plaintiff was given no notice of, or opportunity to administratively appeal, untimeliness; his appeal was accepted.[2] Plaintiff was unable to exhaust his administrative remedies as to any untimeliness defense due to prison officials' failure to reject or cancel his appeal on that basis. No other or further administrative review process was made available. See Hill v. Curcione, 657 F.3d 116, 125 (2d Cir. 2011) (a late filing that is accepted and decided on the merits fulfills the exhaustion requirement of the PLRA); cf. Payne v. Pitkins, 447 F. Appx. 291, 292 (3d Cir. 2011) (failure to exhaust found where inmate's claim was filed well past the fifteen day time-frame for filing grievance, was rejected as untimely, and inmate then failed to appeal the rejection).

Plaintiff can not be said to have procedurally defaulted in his appeal recourse as to such an "untimely" claim. See Spruill v. Gillis, 372 F.3d 218, 234 (3d Cir. 2004) (inmate does not procedurally default, so as to fail to exhaust where not on notice of need to grieve a particular form of relief). Moreover, Plaintiff's appeal was processed by prison officials and complete relief was granted at the informal level, exhausting all available administrative remedies. Woodford, 548 U.S. at 87.

The actions of prison officials prevented Plaintiff from timely pursuing administrative remedies on Defendant's proffered untimeliness defense. The Woodford Court suggests that acceptance of a late appeal would not place an inmate in procedural default of administrative remedies absent some other procedural violation. See Woodford, 548 U.S. at 95 ("[A]cceptance of [a] late grievance would not thwart the prisoner's wish to bypass

---

[2] Untimeliness as grounds for rejecting an appeal may be separately appealed. See Cal. Code Regs. tit. 15 § 3084.6(e).

the administrative process; the prisoner could easily achieve this by violating other procedural rules until the prison administration has no alternative but to dismiss the grievance on procedural grounds."). Acceptance of Plaintiff's late appeal was unaccompanied by any further procedural infirmity. The appeal was not dismissed on procedural grounds.

Defendant Pina argues that refusal to recognize the untimeliness defense will make prison officials disinclined to investigate and voluntarily remedy untimely claims of mistreatment for fear of forfeiting a valid untimeliness defense. The policy argument is unavailing here because prison officials granted the appeal on the merits at the informal level without ever raising untimeliness. The Court denies the instant motion based not upon waiver of untimeliness, but rather estoppel to assert untimeliness.

c. Estoppel Furthers Justice and Policy

Exhaustion requirements may be excused where dismissal would not further the interests of justice or the purposes of the exhaustion requirement. Johnson, 261 F. Appx. at 755. The doctrine of exhaustion of administrative remedies serves the main purposes of affording an agency "an opportunity to correct its own mistakes with respect to the programs it administers before it is haled into federal court," discouraging "disregard of [the agency's] procedures", and "promot[ing] efficiency" by resolving claims outside of litigation. Woodford, 548 U.S. at 88.

Prison officials had the benefit of reviewing and granting Plaintiff's appeal. Plaintiff apparently received all the relief he sought under the appeal. Plaintiff was required to appeal beyond the informal level only if he disagreed with the informal level response. (Pl.'s Opp'n at Ex. C.) Since he did not so disagree, no other or further administrative review process remained available to Plaintiff.

To now find Plaintiff's appeal untimely would not further the principles underlying the exhaustion doctrine because complete review on the merits by full grant of relief at the second level was accomplished. See Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010) (inmate's failure to exhaust under PLRA excused where he took reasonable and

appropriate steps to exhaust and was precluded not through his own fault but by the mistake of prison staff); see also Jones v. Plessas, 2011 WL 5593038 at *1 (E.D. Cal. November 16, 2011), citing Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005) (a prisoner need not exhaust further levels of review once he has been reliably informed by an administrator that no more remedies are available).

The primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). This Plaintiff accomplished.

2. Notification

The Court previously found that Plaintiff's pleading raised a cognizable Eighth Amendment claim arising from Defendant Pina's alleged failure to protect Plaintiff. The appeal submitted by Plaintiff reflect his concerns regarding his bunk placement, and in the appeal he asks for protection by being provided a lower tier bunk. (Pl.'s Opp'n at Ex. C.) Considering Plaintiff's appeal as a whole and as broadly as reasonable, it appears it adequately described his concerns and the remedy he sought in the same way as is now asserted in his First Amended Complaint.. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (a grievance is only sufficient if "it alerts the prison to the nature of the wrong for which redress is sought"). Plaintiff's appeal mentioned his October 2010 fainting episode and explained why he felt a lower tier bunk was necessary. (Pl.'s Opp'n at Ex. C.) Although Plaintiff does not mention Defendant Pina by name, he was not required to do so in his appeal for exhaustion purposes. Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (prisoners are not required to identify responsible parties or otherwise signal who may be sued). This appeal alerted the prison to the nature of the wrong and gave it an opportunity to correct or respond to that wrong. Plaintiff's grievance was sufficient to exhaust his claim against Defendant Pina for failing to protect Plaintiff.

## III. CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant Pina's motion to dismiss (ECF No. 29) be denied.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 15, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE