UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEWIS SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>S. PINA,<br><br>    Defendant. | CASE NO. 1:11-cv-1651-LJO-MJS (PC)<br><br>**ORDER**<br><br>**(1) DENYING PLAINTIFF'S MOTION TO COMPEL AT ECF No. 40,**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO COMPEL AT ECF NO. 43, AND**<br><br>**(3) GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (ECF No. 42).** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The action proceeds on Plaintiff's First Amended Complaint against Defendant Pina for failure to protect in violation of the Eighth Amendment. (ECF Nos. 17, 18 & 19).

Before the Court are Plaintiff's Motion for an Order Compelling Defendants to Cooperate in Discovery ("First Motion to Compel") (ECF No. 40), Motion for an Order Compelling Defendants to Cooperate in Discovery ("Second Motion to Compel") (ECF No. 43), and Motion for Extension of Time to File Motion to Compel (ECF No. 42). Defendant Pina opposed each of the motions. (ECF Nos. 41, 44, 45.) The time to file

reply documents has passed and none were filed. The motions are deemed submitted pursuant to Local Rule 230(*l*).

## II.   LEGAL STANDARDS

### A.   Motion to Compel

The discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir.1981). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P., 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS (PC), 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, No. CIV S-11-1030 MCE EFB P., 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011).

### B.   Requests for Production of Documents

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents, electronically stored documents, or tangible things. Fed. R. Civ. P. 34(a)(1).

### C. Modification of Discovery and Scheduling Order

Federal Rule of Civil Procedure 16(b)(4) allows the Court to modify its scheduling order for good cause. The "good cause" standard focuses primarily on the diligence of the party seeking the amendment. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

### III. ANALYSIS

### A. First Motion to Compel

Plaintiff argues that Defendant is "thwarting" his efforts to conduct discovery by not responding thoroughly to Plaintiff's request for production of documents. (ECF No. 40 at 1-2.) Defendant asserts that he has fulfilled his discovery obligations because he produced all documents within his possession, custody, or control. (ECF No. 42 at 1.)

Plaintiff requested the following: "PLAINTIFF SEEKS ANY AND ALL WRITTEN REPORT'S LOG'S OR DOCUMENTATION OF ANY EMERGENCY MAN-DOWNS IN THE YEAR'S OF 2009 AND 2010 SPECIFICALLY REFLECTING PLAINTIFF WHILE IN 3A04 AD-SEG." (ECF No. 40 at 12.)

Notwithstanding his various objections, Defendant responded by producing "Plaintiff's Inmate Segregation Records for the dates he was assigned to a cell in 3A04 between 2009 and 2010, which was February 25, 2010, through December 31, 2010." (Id. at 12.) Defendant noted that, "to the extent that Plaintiff is asking Defendant to produce Plaintiff's medical records related to 'emergency man-downs,' those records are equally available to Plaintiff as they are to Defendant in that Plaintiff has the ability to review and make copies of his medical records according to prison policy and procedure." (Id. at 12.)

In his motion, Plaintiff argues that this response is inadequate because he was medically cell extracted while in cell 3A04, but there is no mention of his medical man down in the records Defendant provided. (Id. at 2.)

Defendant can only be required to produce documents that are in his "possession, custody or control." Fed. R. Civ. P. 34(a). "Control is defined as the legal right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus. Workers, 870 F.2d 1450, 1452 (9th Cir. 1989). Defendant asserts that "[a]ll significant events in an ad-seg inmate's life, including medical emergencies and cell extractions, are noted on the Inmate Segregation Record," which Defendant produced upon Plaintiff's request. (ECF No. 41 at 3.) Defendant asserts that he has no other responsive documents in his possession, custody, or control. (Id.) Plaintiff does not point to any additional records in Defendant's possession, custody, or control that would contain the requested information. Although Plaintiff is dissatisfied with the contents of the Inmate Segregation Record, there is no basis for compelling further response from Defendant.

Defendant's response to the request for production, as well as his opposition to Plaintiff's motion to compel, suggest that Plaintiff's medical records may contain information concerning medical emergencies and/or man downs, but that those records are not within Defendant's control. (ECF No. 40 at 12, No. 41 at 2.) Plaintiff has not requested that Defendant be compelled to provide his medical records, nor has he argued that these records are in Defendant's control. (ECF No. 40 at 1-3.) Additionally, Defendant advised Plaintiff that Plaintiff can access his own medical records (id. at 12), and Plaintiff has not refuted this assertion.

Based on the foregoing, there is no basis for compelling further responses to Plaintiff's request for production of documents, and his first motion to compel will be denied.

### B.     Second Motion to Compel

Plaintiff's second set of requests for admission sought to have Defendant admit that certain documents are authentic, and that a specified inmate appeal was "granted." (ECF No. 43 at 6-8.) Defendant refused to respond to the requests on the ground that they were served on Defendant on May 22, 2014, which was after the Court's May 17 deadline for serving discovery requests. (Id. at 10.) Plaintiff then requested that Defendant nonetheless respond to the requests. (Id. at 11.) Plaintiff explained that May 17, 2014 was a Saturday and no mail left the prison that day. (Id. at 11.) Plaintiff now seeks to compel Defendant's response, which Plaintiff asserts is needed for his "upcoming motion." (Id. at 3.)

Defendant's objection is meritorious. Plaintiff's request was served on Thursday, May 22, 2014 and was untimely under the Court's discovery and scheduling order. Accordingly, Plaintiff has not met the requirements for granting a motion to compel, and the motion to compel will be denied. Nevertheless, the Court will require Defendant to make a further response to Plaintiff's request for the reasons stated in Section III.C, below.

### C.     Motion for Extension of Time

Although styled as a Motion for Extension of Time to file a Motion to Compel,[1] Plaintiff's motion appears to seek an extension of the discovery cut-off: "For good cause an extension of time should be granted to allow Plaintiff to file second set of admission to have certain legal documents authenticated." (ECF No. 42.) Plaintiff asserts that he was unable to timely serve his discovery requests due to issues with the prison mail system.

For good cause shown, the Court will grant Plaintiff's motion and extend the discovery cut-off nunc pro tunc to July 7, 2014, making Plaintiff's second set of requests for admission timely. The Court also will direct Defendant to make a further response to Plaintiff's second set of requests for admission within thirty days of the date of this

---

[1] Plaintiff's second motion to compel was timely under the Court's discovery and scheduling order. (ECF No. 37.)

order.[2] Plaintiff shall have fourteen (14) days from the service of Defendant's response to file a further motion to compel regarding the second set of requests for admission, if necessary.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court HEREBY ORDERS the following:

1. Plaintiff's motion to compel (ECF No. 40) is DENIED;
2. Plaintiff's motion to compel (ECF No. 43) is DENIED;
3. Plaintiff's motion for extension of time (ECF No. 42) is GRANTED;
4. The discovery cut-off, set forth in the Court's Discovery and Scheduling Order (ECF No. 37), is extended nunc pro tunc to July 7, 2014;
5. Defendants are ordered to make a further response to Plaintiff's second set of requests for admission within thirty (30) days of the date of this order; and
6. Plaintiff may, but is not required to file a further motion to compel in relation to his second set of requests for admission within fourteen (14) days of service of Defendant's further response.

IT IS SO ORDERED.

Dated:   August 6, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[2] The Court is aware that a settlement conference in this case is set for September 16, 2014, but will not extend the time for Defendant to respond absent a motion from Defendant showing good cause. At this time, it is not apparent whether Defendant's response will aid Plaintiff in evaluating his settlement position. Further, the burden of responding does not appear particularly onerous, and delaying Defendant's response would likely necessitate a further extension of the dispositive motion deadline.